UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
(MIAMI DIVISION)

In re

MELANIE MATERAZZI

Debtor.

_____/

CASE NO. 11-25528-RAM

CHAPTER 7

CHRISTOPHER SCARANO, CREDITOR,

Plaintiff,

v.

MELANIE MATERAZZI,

Defendant.

_____/

Adv. Pro. No. _____

### CREDITOR'S COMPLAINT OBJECTING TO DEBTOR'S DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(2)(A), 727(a)(2)(B), 727(a)(3), 727(a)(4)(A) &(D), and 727(a)(7)

Plaintiff, Christopher Scarano, Creditor, by and through his undersigned counsel, files this Complaint (the "Complaint") against Defendant, Melanie Materazzi (the "Debtor" or "Defendant" as the case may be), pursuant to 11 U.S.C. § 727727(a)(2)(A), 727(a)(2)(B), 727(a)(3), 727(a)(4)(A) &(D), and 727(a)(7) and Federal Rules of Bankruptcy Procedure 7001(4) and 4004, and says:

### JURISDICTION AND VENUE

1.  This is a Complaint objecting to the Debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(2)(A), 727(a)(2)(B), 727(a)(3), 727(a)(4)(A) &(D), and 727(a)(7).

1

2.  The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334(a) and 157(a).

3.  This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (b)(2)(J), and (b)(2)(0), and is filed in compliance with Federal Rule of Bankruptcy Procedure 7001(4).

4.  Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

## FACTUAL BACKGROUND REGARDING BANKRUPTCY CASE

5.  On June 3, 2011 (the "Filing Date"), the Debtor, Melanie Materazzi, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. See Copy of Chapter 7 Bankruptcy Petition filed by Debtor, Melanie Materazzi, on June 3, 2011, attached hereto as **Exhibit A.**

6.  On June 10, 2011, the Debtor filed her Schedules and Statement of Financial Affairs. See Copy of Chapter 7 Bankruptcy Schedules and Statement of Financial Affairs filed by Debtor, Melanie Materazzi, on June 10, 2001, attached hereto as Exhibit B.

7.  On July 15, 2011, the 341 Meeting of Creditors was held in Debtor's Chapter 7 Bankruptcy by Trustee Joel Tabas. See Docket Entry (hereinafter "D.E.") # 14 and D.E. 17.

8.  On November 30, 2011, Creditor, Christopher Scarano, was granted an extension of time to file an Objection to Debtor's Discharge up through and including January 31, 2012. See D.E. 45.

## GENERAL FACTUAL BACKGROUND RELATING TO DEBTOR

9.  Upon information and belief, Debtor also goes by the name of MELANIE CHACON.

10. Upon information and belief, FABIO CAMPANARO is the Debtor's Son.

11. Upon information and belief, MELANIE CHAMPANARO and/or MELANIE CAMPANARO and/or MELANIE LEYVA is the Debtor's Daughter.

12.  Upon information and belief, SERGIO CAMPANARO is one of the Debtor's ex-husbands and the father of FABIO CAMPANARO and of MELANIE CHAMPANARO and/or MELANIE CAMPANARO and/or MELANIE LEYVA.

13.  Upon information and belief, ROLANDO LEYVA is the son-in-law of Debtor and SERGIO CAMPANARO and the husband of MELANIE CHAMPANARO and/or MELANIE CAMPANARO and/or MELANIE LEYVA.

14.  Upon Information and belief, ISELA VAZQUEZ GADAMER, is the Debtor's Mother.

15.  ISELA VAZQUEZ GADAMER, the Debtor's Mother, filed a bankruptcy case in the Southern District of Florida Bankruptcy Court, Case No. 11-28382-AJC on June 30, 2011. This case is still open. See Copy of Chapter 7 Petition of ISELA VAZQUEZ GADAMER filed in the Southern District of Florida Bankruptcy Court, Case No. 11-28382-AJC attached hereto as **Exhibit C.**

**16. SERGIO** CAMPANARO, the Debtor's Ex-Husband filed a bankruptcy case in the Northern District of Florida Bankruptcy Court, Case No. 11-10436-LMK on September 15, 2011. This case is still open. See Copy of Chapter 7 Petition of SERGIO CAMPANARO filed in the Northern District of Florida Bankruptcy Court, Case No. 11-10436-LMK attached hereto as **Exhibit D.**

### GENERAL FACTUAL BACKGROUND RELATING TO MELRICH ASSET MANAGEMENT, LLC

17.  MELRICH ASSET MANAGEMENT, LLC, is a Delaware Limited Liability Company (Hereinafter referred to as "MELRICH").

18.  Debtor is the Sole Managing Member and/or Sole Member and/or has full ownership interest in and/or has an ownership interest in MELRICH. See copy of Chapter 11 Bankruptcy Petition filed by Debtor, Melanie Materazzi on behalf of MELRICH in the

Southern District of Florida Bankruptcy court on August 31, 2011, Case No. 11-34431, attached hereto as **Exhibit E.**

**19. MELRICH was not** disclosed by Debtor in her Bankruptcy Petition, Schedules or during her 341 Meeting of Creditors.

## GENERAL FACTUAL BACKGROUND RELATING TO REO RECOVERY SOLUTIONS, LLC

20. REO RECOVERY SOLUTIONS, LLC is a Delaware Limited Liability Company (Hereinafter referred to As "REO").

21. Debtor is the Sole Managing Member and/or Sole Member and/or has full ownership interest in and/or has an ownership interest in REO. See copy of Affidavit of Members dated June 10, 2011 attached hereto as **Exhibit F.**

**22. It should be noted that at one point ISELA VAZQUEZ** GADAMER, the Debtor's Mother identified herself as the "Managing Member" of REO. See Copy of General Warranty Deed Executed on September 28, 2010 and recorded on October 6, 2010 between REO and ROLANDO LEYVA and MELANIE CHAMPANARO attached hereto as **Exhibit G.**

23. REO was not disclosed by Debtor in her Bankruptcy Petition, Schedules or during her 341 Meeting of Creditors.

## GENERAL FACTUAL BACKGROUND RELATING TO LOVING CARE LIVING, LLC

24. Loving Care Living, LLC, is a Florida Limited Liability Company (Hereinafter referred to as "LOVING CARE"). See copy of LOVING CARE Sunbiz.org profile attached hereto as **Exhibit H.**

25. LOVING CARE operates an Assisted Living Facility in Gainesville Florida, presently

located at 1205 NW 9th Avenue, Gainesville, Florida 32601. See Copy of Facility Profile of

LOVING CARE from http://www.FloridaHealthFinder.gov attached hereto as Exhibit **I.**

26. LOVING CARE'S current mailing address according to the Facility Profile on

http://www.FloridaHealthFinder.gov is 24 SE 8th Street, Gainesville, Florida 32601. See

Copy of Facility Profile of LOVING CARE from http://www.FloridaHealthFinder.gov

previously attached hereto as **Exhibit I.**

27. The Administrator for the LOVING CARE Assisted Living Facility in Gainesville

Florida is identified as Debtor's ex-husband, SERGIO CAMPANARO, in the Facility Profile

on http://www.FloridaHealthFinder.gov, See Copy of Facility Profile of LOVING CARE

from http://www.FloridaHealthFinder.gov previously attached hereto as **Exhibit I.**

28. LOVING CARE has one Managing Member identified in the Sunbiz.org profile, FABIO

CAMPANARO, the Debtor's Son. See copy of LOVING CARE Sunbiz.org profile

previously attached hereto as **Exhibit H.**

29. FABIO CAMPANARO is also the Registered Agent of LOVING CARE. See copy of

LOVING CARE Sunbiz.org profile previously attached hereto as **Exhibit H.**

30. The Address for FABIO CAMPANARO in his capacity as Registered Agent and in his

capacity as Managing Member of LOVING CARE is 808 Brickell Key Drive, Unit 1201,

Miami, Florida 33131.[1] See copy of LOVING CARE Sunbiz.org profile previously attached

hereto as **Exhibit H.**

31. The Principle Office Address of LOVING CARE listed on the Articles of Organization

filed with the State of Florida on October 11, 2010 was 24 SE 8th Street, Gainesville, Florida

---

[1] It is interesting to note that this is the Debtor's Address as well and is also the Address for MELRICH.

32601. See copy of LOVING CARE Electronic Articles of Organization filed on October 1, 2010 attached hereto as **Exhibit J.**

**FACTUAL BACKGROUND RELATING TO CERTAIN INTERNET DOMAINS**

32. Research was conducted to determine whether or not the Debtor owned or was associated with any interne domains.

33. Utilizing the online research website DomainTools.com to access the WHOIS database, a total of 7 Domains were found to be associated with the Debtor, and of those two Domains, http://www.affordableassistedliving.info and http://www.Materazzi.us, were still active.

34. The Whois record for http://www.affordableassistedliving.info indicates that the domain is registered by LOVING CARE as the Registrant Organization, Admin Organization, Billing Organization and Technical Organization, but lists the Registrant's Email, Admin Email, Billing Email, and Tech Email as Melanie.Materazzi@gmail.com and also lists Melanie Materazzi's telephone number (786-499-9803) as the Registrant's Phone Number, Admin Phone Number, Billing Phone Number and Technical Phone Number. See Whois record for the domain http://www.affordableassistedliving.info attached hereto as **Exhibit K.**

35. The Whois record for http://www.Materazzi.us indicates that the domain is registered by LOVING CARE as the Registrant Organization, Admin Organization, Billing Organization and Technical Organization, but lists the Registrant's Name, Admin Contact Name, Billing Contact Name, and Technical Contact Name as Melanie Materazzi. Further the Registrant Email, Administrative Contact Email, Billing Contact Email, and Technical Contact Email are listed as Melanie.Materazzi@gmail.com, The Registrant's Phone Number, Administrative Contact Number, Billing Contact Number, and Technical Contact Phone

Number are all listed as Melanie Materazzi's telephone number (786-499-9803). See Also

Whois record for the domain http://www.Materazzi.us attached hereto as **Exhibit L.**

36.  Neither of the aforementioned Internet Domains, which are potential assets of the

Chapter 7 Bankruptcy Estate, were disclosed by Debtor in her Bankruptcy Petition,

Schedules or during her 341 Meeting of Creditors.

## FACTUAL BACKGROUND RELATING TO SWEETWATER BRANCH PROPERTIES, INC.

37.  Sweetwater Branch Properties, Inc., is a Florida Profit Corporation (Hereinafter referred

to as "SWEETWATER"). See copy of SWEETWATER Sunbiz.org profile attached hereto

as **Exhibit M.**

38.  Debtor is the President and Registered Agent of SWEETWATER. See copy of

SWEETWATER Sunbiz.org profile previously attached hereto as **Exhibit M.**

39.  The Address for Debtor in her capacity as Registered Agent and in her capacity as

President of SWEETWATER is 808 Brickell Key Drive, Unit 1201, Miami, Florida 33131.[2]

See copy of SWEETWATER Sunbiz.org profile previously attached hereto as **Exhibit M.**

40.  The Principle Office Address of SWEETWATER is listed as 24 SE 8th Street,

Gainesville, Florida 32601.[3] See copy of SWEETWATER Sunbiz.org profile previously

attached hereto as **Exhibit M.**

41.  SWEETWATER was not disclosed by Debtor in her Bankruptcy Petition, Schedules or

during her 341 Meeting of Creditors.

## FACTUAL BACKGROUND RELATING TO HOLBROOK SWEETWATER BRANCH PROPERTIES, INC. LITIGATION AGAINST DEBTOR AND ASSOCIATES

---

[2] It is interesting to note that this is the Debtor's Address, MELRICH's Address, and LOVING CARE'S Address.
[3] This address is listed on http://www.sunbiz.org as the Principle and Mailing Address of SWEETWATER and also of LOVING CARE. See Copies of Details from http://www.sunbiz.org printed on January 29, 2012 previously attached hereto as **Exhibit H and Exhibit M.**

42. HOLBROOK SWEETWATER BRANCH PROPERTIES, INC and GIOVANNA HOLBROOK (Hereinafter referred to as "HOLBROOKS") initiated litigation against Debtor, MELRICH ASSET MANAGEMENT, LLC, and SERGIO CAMPANARO on May 11, 2011. See copy of HOLBROOKS' complaint filed on May 5, 2011 in the Circuit Court of the Eighth Judicial Circuit In and For Alachua County, Florida, Case No. 2011CA2438-J attached hereto as **Exhibit N.**

43. The HOLBROOKS Litigation, in a nutshell, revolves around lease negotiations and wrongful possession of real property located at 24 SE 8th Street, Gainesville, Florida 32601. See copy of HOLBROOKS' complaint filed on May 5, 2011 in the Circuit Court of the Eighth Judicial Circuit In and For Alachua County, Florida, Case No. 2011CA2438-J previously attached hereto as **Exhibit N.**

44. This Litigation was not disclosed by the Debtor in her Statement of Financial Affairs, No. 4, nor were the HOLBROOKS listed as Creditors on Schedule F, nor was it disclosed during her 341 Meeting of Creditors.[4]

### FACTUAL BACKGROUND RELTATING TO 1401 TIEBURON STREET TRUST

45. On or about May 6, 2010 real property located at 1401 Tieburon Street, Riviera Beach, Florida 33404, was transferred to Debtor in the Capacity of Trustee of the 1401 TIEBURON STREET TRUST dated September 21, 2009. See Copy of General Warranty Deed dated May 6, 2010 and Recorded on May 14, 2010 attached hereto as **Exhibit 0.**

46. On or about May 6, 2010 real property located at 1401 Tieburon Street, Riviera Beach, Florida 33404, was transferred via Trustee's Deed by Debtor, **Individually** and as Trustee of

---

[4] Special attention should be taken in reviewing the HOLBROOK'S Complaint, specifically Paragraphs 26 through 33, which explain why Debtor formed SWEETWATER in March of 2007.

the 1401 TIEBURON STREET TRUST dated September 21, 2009.[5] See Copy of Trustee's

Deed dated May 6, 2010 and Recorded on June 11, 2010 attached hereto as **Exhibit P.**

47.  Debtor also executed a Trust Certification Affidavit Pursuant to F.S. 736.1017 on May 6,

2010 and Recorded on June 11, 2010. The purpose of which was to induce Stewart Title

Guaranty Company to insure title to the subject property. See Copy of Trust Certification

Affidavit Pursuant to F.S. 736.1017 executed on May 6, 2010 and Recorded on June 11,

2010 attached hereto as **Exhibit Q.**

**COUNT I**

**OBJECTION TO DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(2)(A)**

48.  This is an action objecting to the Debtor's discharge pursuant to 11 U.S.C. §

727(a)(2)(A)•

49.  Paragraphs 1 through 47 are realleged and reincorporated by reference herein.

50.  The Debtor, with the intent to hinder, delay, or defraud creditors or an officer of the

estate, has concealed property of the estate, within one year before the date of the filing of

the petition.

51.  Specifically, the Debtor has hidden her interests in certain business entities in which she

has and/or had an ownership interest and/or equitable interest.

52.  After extensive research, the following entities have been identified as being owned in

whole or in part and/or having an equitable interest by Debtor but not disclosed in her

Bankruptcy Petition, Schedules or at her 341 Hearing of Creditors:

    a. MELRICH ASSET MANAGEMENT, LLC a Delaware Limited Liability

        Company. See copy of Chapter 11 Bankruptcy Petition of MELRICH previously

        attached hereto as **Exhibit E.**

---

[5] It should be noted that the witnesses to the Debtor's signature are FABIO CAMPANARO and ISELA VAZQUEZ.

    b.  REO Recovery Solutions, LLC, a Delaware Limited Liability Company. See copy of Affidavit of Members dated June 10, 2011 previously attached hereto as **Exhibit F.**

    c.  Sweetwater Branch Properties, Inc., a Florida Profit Corporation. See copy of SWEETWATER Sunbiz.org profile previously attached hereto as **Exhibit M.**

    d.  Loving Care Living, LLC, a Florida Limited Liability Company. See copy of LOVING CARE Sunbiz.org profile previously attached hereto as **Exhibit H.** See Also Whois record for the domain http://www.affordableassistedliving.info previously attached hereto as **Exhibit K.** See Also Whois record for the domain http://www.Materazzi.us previously attached hereto as **Exhibit L.**

53.  Further, as indicated above two Internet Domains, http://www.Materazzi.us and http://www.affordableassistedliving.info, rightful assets of the Debtor's Chapter 7 Bankruptcy Estate were found to be registered by Debtor but not disclosed by the Debtor.

54.  Additionally, it appears as if assets of the Bankruptcy Estate through REO were transferred on September 16, 2010 to insiders, ROLANDO LEYVA AND MELANIE CHAMPANARO (the Debtor's Son-in-Law and Daughter). See Copy of Warranty Deed executed on September 16, 2010 and Recorded on September 25, 2010 previously attached hereto as **Exhibit G.**  Further, it appears as if assets of the Bankruptcy Estate through REO were transferred on September 21, 2010 to South Florida Holdings, LLC. See Copy of Affidavit of Equitable Interest allegedly executed on September 21, 2010 and Recorded on July 12, 2011, attached hereto as **Exhibit R.**  There is also a Quit Claim Deed allegedly executed on September 21, 2010 between REO and South Florida Holdings, LLC that was

filed on December 20, 2011. See Copy of Quit Claim Deed allegedly executed on September 21, 2010 and Recorded on December 20, 2011 attached hereto as **Exhibit S.**

55. Lastly, it appears as if assets of the Bankruptcy Estate were transferred on May 6, 2010, when Debtor individually and in her Capacity as Trustee for 1401 TIEBURON STREET TRUST dated September 21, 2009, executed a Trustee's Deed for certain real property in Palm Beach County, Florida.

WHEREFORE, the Plaintiff respectfully requests this Court enter a judgment denying the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(2)(A), and granting such other and further relief as the Court deems fair and equitable.

## COUNT II

## OBJECTION TO DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(2)(B)

56. This is an action objecting to the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(2)(B)•

57. Paragraphs 1 through 47 are realleged and reincorporated by reference herein.

58. The Debtor with intent to hinder, delay, or defraud creditors or an officer of the estate charged with custody of property under this title has transferred, removed, destroyed, mutilated, or concealed property of the estate after the date of filing of the petition, including any records of Debtor's true financial condition.

59. The Debtor hindered, delayed and defrauded the Trustee through her purposeful and intentional omission of material information to the Trustee.

### FAILURE TO DISCLOSE EXISTENCE OF MELRICH AND ASSETS THEREOF

60. Specifically, Debtor in failing to identify her ownership interest in MELRICH appears to have transferred and/or concealed property of the debtor.

61. Debtor, filed a Chapter 11 Bankruptcy on behalf of MELRICH on August 31, 2011 in the United States Bankruptcy Court, Southern District of Florida, Case No. 11-34431-AJC.[6] See Voluntary Petition of MELRICH previously attached hereto as **Exhibit E.**

62. Debtor signed the Bankruptcy Petition as a "Member" of MELRICH. See Voluntary Petition of MELRICH previously attached hereto as **Exhibit E** (See specifically page 3 of 29).

63. Debtor further signed the Declaration Concerning Debtor's Schedules for the MELRICH Bankruptcy as "Member Authorized Agent." See Voluntary Petition of MELRICH previously attached hereto as **Exhibit E** (See specifically page 17 of 29).

64. Debtor indicated in MELRICH's Statement of Financial Affairs, No. 19, that Debtor is the individual who at the time of the commencement of that Bankruptcy case was in possession of the books of account and records of MELRICH. See Voluntary Petition of MELRICH previously attached hereto as **Exhibit E** (See specifically page 26 of 29)

65.  Pursuant to Schedule B of MELRICH's Bankruptcy Petition, there was $2,000.00 in a bank account owned and/or in the control of MELRICH at the time of filing on August 31, 2011. See Voluntary Petition of MELRICH previously attached hereto as **Exhibit E** (See specifically page 7 of 29).

66. Pursuant to Schedule B of MELRICH's Bankruptcy Petition, MELRICH had Account Receivables in the amount of $39,000.00. See Voluntary Petition of MELRICH previously attached hereto as **Exhibit B** (See specifically page 8 of 29).

67. Pursuant to Schedule B of MELRICH's Bankruptcy Petition, MELRICH had "Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of

---

[6] It should be noted that, to date, Debtor has not amended her bankruptcy schedules to acknowledge her ownership interests in Melrich Asset Management, LLC.

the debtor, and rights of setoff claims" in the amount of $13,000.00 See Voluntary Petition of

MELRICH previously attached hereto as **Exhibit E** (See specifically page 8 of 29).

68. Debtor indicates in MELRICH's Statement of Financial Affairs, No. 21, that Debtor is

the only member of MELRICH holding 100% interest, holding 100 units.[7] See Voluntary

Petition of MELRICH previously attached hereto as **Exhibit E** (See specifically page 26 of

29).

69. Debtor further indicated in MELRICH's Statement of Financial Affairs, No. 23, that

debtor received $18,000.00 in Salary/Compensation. See Voluntary Petition of MELRICH

previously attached hereto as **Exhibit E** (See specifically page 27 of 29).

70. This disclosure of Debtor's Salary/Compensation is inconsistent with Debtor's Chapter 7

Petition and raises serious questions regarding the veracity thereof.

71. All of the aforementioned, by virtue of Debtor's ownership interest in MELRICH, should

have been disclosed to the Debtor's Chapter 7 Trustee and Creditors in Debtor's Petition and

Schedules and/or during her testimony at her 341 Meeting of Creditors held on July 15, 2011.

72. Further there appears to be real properties either under MELRICH'S control or in its

possession that may be subject to administration in Debtor's Chapter 7 Bankruptcy.

73. Two "Offering Memorandum" were found during interne research. Each "Offering

Memorandum" purportedly offers a "Complete Visa Package with Long-Term Care

---

[7] It should be noted that there is a discrepancy in Debtor's position as to the ownership of MELRICH. Specifically, the Employer Identification Number was obtained by FABIO CAMPANARO, the Debtor's son. He is specifically identified as a Member of MELRICH in the correspondence with the IRS. This is significant, as there are other entities allegedly owned and operated by FABIO CAMPANARO that are believed to be operating for the benefit of Debtor. See Voluntary Petition of MELRICH previously attached hereto as **Exhibit E** (See specifically page 4 of 29).

Investment Solutions" offered by MELRICH as an E2 or Ll Visa Opportunity.[8] See

Offering Memorandums attached hereto as **Exhibit T.**

74. The last page of the "Offering Memorandum" is a Target Employment Area Certification

letter from the Agency for Workforce Innovation, dated May 6, 2011, less than one month

prior to Debtor's Chapter 7 Bankruptcy filing. See Offering Memorandums previously

attached hereto as **Exhibit T.**

75. It should be noted that Debtor's current LinkedIn.Com profile indicates that Debtor is a

"Marketing Director" at MELRICH from January 2006, to Present. It also identifies debtor as

an "EB-5 Direct Investment Developer." See Copy of Printouts from Linkedin.com regarding

Debtor, attached hereto as **Exhibit U.**

76. The Debtor knowingly and fraudulently, in connection with this case, withheld from her

Creditors and the Trustee disclosure of the existence of MELRICH, thereby failing to

disclose its books, documents, records, and papers relating to its financial affairs and the

disposition of its assets and her interest therein.

77. Specifically as of the date MELRICH filed for Chapter 11 Bankruptcy, Debtor signed

under penalty of perjury the Petition and Schedules which clearly showed assets and value of

MELRICH.

### FAILURE TO DISCLOSE REO AND ASSETS OF REO

78. Debtor is the Sole Managing Member of REO RECOVERY SOLUTIONS, LLC, a

Delaware Limited Liability Company. See copy of Affidavit of Members dated June 10,

2011 previously attached hereto as **Exhibit F.**

---

[8] These "Offering Memorandum" were found on a website operated by Green Air & Esquires Corporation, http://new.1804designs.com/joomla/greenairvisa/ it is not clear what, if any, relationship there is between Debtor and this entity.

14

79. The Debtor fraudulently engaged in post-petition transfer of Florida Property, specifically real property identified as:

> 741/743 Alabama Road South, Lehigh Acres, Florida 33974

> Lot 14, Block 34, Unit 7, Southwood, Lehigh Areas, Section 7, Township 45 South, Range 27 East, according to the map or plat thereof as recorded in Plat Book 26, Page 59, Public Records of Lee County, Florida.

See Copy of Warranty Deed Recorded September 24, 2010, attached hereto as Exhibit V.

80. On June 10, 2011, Debtor, in her capacity as Sole Member/Sole Managing Member of REO entered into a Purchase Money First Mortgage deed with Michael J. Durso and Anthony S. Durso, for the aforementioned property. See Purchase Money Mortgage and 1-4 Family Rider (Assignment of rents) between REO and Michael J. Durso and Anthony S. Durso, attached hereto as **Exhibit W.**

81. The Purchase Money First Mortgage was an interest only mortgage and the final payment or balance due upon the Maturity date of 12-10-2011 was $25,000.00, together with accrued interest, if any, and all advancements made by the Mortgagee under the terms of the mortgage. See Purchase Money Mortgage and 1-4 Family Rider (Assignment of rents) between REO and Michael J. Durso and Anthony S. Durso, previously attached hereto as **Exhibit W.**

82. A Multistate 1-4 Family Rider (Assignment of Rents) Fannie Mac/Freddie Mac Uniform Instrument was executed by Debtor in both her individual capacity and in her capacity as Managing Member of REO. See Purchase Money Mortgage and 1-4 Family Rider (Assignment of rents) between REO and Michael J. Durso and Anthony S. Durso, previously attached hereto as **Exhibit W.**

83. In an apparent attempt to explain away this blatant post-filing transfer, the Debtor orchestrated the recording of an Affidavit of Equitable Interest which was recorded on July 12, 2011 claiming that an "agreement was entered into by and between Lori DiBenedetto of South Florida Holdings, LLC, as Florida Limited Liability Company & Melanie Materazzi, for REO on September 21, 2010.[9] See Copy of Affidavit of Equitable Interest recorded on July 12, 2011 previously attached hereto as **Exhibit R.**

84. Further in an apparent attempt to explain away this blatant post filing transfer, the Debtor orchestrated the recording of a Quit Claim Deed which was recorded on December 20, 2011 that was allegedly entered into between the Debtor, on behalf of REO Recovery Solutions, LLC and South Florida Holdings, LLC on September 21, 2010. Handwritten on the top of the Quit Claim Deed is indicated "Consideration: $0" yet in the body of the Quit Claim Deed it indicates that the consideration was $39,235.76.[10] See Copy of Quit Claim Deed recorded on December 20, 2011 previously attached hereto as **Exhibit S.**

85. The Debtor knowingly and fraudulently, in connection with this case, withheld from her Creditors and the Trustee disclosure of REO Recovery Solutions, LLC, the properties which REO owned and/or had an interest in at the time of Debtor's Chapter 7 bankruptcy filing and failed to disclose and or produce the books, documents, records, and papers relating to REO and financial affairs and her interest therein.

---

[9] It is interesting to note that this Affidavit of Equitable Interest misidentifies REO Recovery Solutions LLC as a Florida Limited Liability Company instead of a Delaware Limited Liability Company. It is strange that this Affidavit of Equitable Interest is filed almost 10 months after the alleged agreement was entered into and over a month after Debtor filed her Chapter 7 Bankruptcy.

[10] It should be noted that A Special Assessment was levied on this property by Lee County and recorded on November 11, 2011 against REO Recovery Solutions, LLC. This recorded Special Assessment indicates that REO Recovery Solutions, LLC was the owner of record through the filing of Debtor's Chapter 7 Bankruptcy. In light of the strange timeline of filing of the Affidavit of Equitable Interest and Quit Claim Deed well after 7 Months of their alleged execution, it raises serious questions as to the veracity of these documents. See Copy of Special Assessment attached hereto As **Exhibit X.**

86.  Further, it appears that Debtor engaged in a fraudulent transfer of property which rightfully should have been a part of her Chapter 7 Bankruptcy Estate.

87.  Additionally, on September 16, 2010 REO received a Warranty Deed for the following property:

> 740/742 Alabama Road South, Lehigh Acres, Florida 33974
> Lot 5, Block 53, Unit 11, Southwood, Lehigh Acres, Section 7, Township 45 South, Range 27 East, according to the map or plat thereof as recorded in Plat Book 26, Page 59, Public Records of Lee County, Florida.

See Copy of Warranty Deed executed on September 16, 2010 and Recorded on September 25, 2010, attached hereto as **Exhibit Y.**

88.  Subsequently, REO deeded the aforementioned property to ROLANDO LEYVA and MELANIE CHAMPANARO (Debtor's Son-in-Law and Daughter) on December 28, 2010. See copy of General Warranty Deed executed on September 28, 2010 and recorded on October 16, 2010 previously attached hereto as **Exhibit G.**

89.  This General Warranty Deed was executed on behalf of REO by ISELA C. GADAMER (Debtor's Mother), identified as Managing Member. See copy of General Warranty Deed executed on September 28, 2010 and recorded on October 16, 2010 previously attached hereto as **Exhibit G.**

90.  Based upon all of the parties involved being insiders with the Debtor, this transaction raises questions regarding a possible fraudulent transfer of assets that should rightfully have been a part of Debtor's Bankruptcy Estate.

WHEREFORE, the Plaintiff respectfully requests this Court enter a judgment denying the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(2)(B) and granting such other and further relief as the Court deems fair and equitable.

## COUNT III

### OBJECTION TO DISCHARGE PURSUANT TO 11 U.S.C. §§ 727(a)(3) and 11 U.S.C. §§ 727(a)(4)(A) & (D)

91.  This is an action objection to the Debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(3) and 11 U.S.C. §§ 727(a)(4)(A) & (D).

92. Paragraphs 1 through 47 are realleged and reincorporated by reference herein.

93.  The Debtor presented a false oath when she signed her bankruptcy petition and schedules, which failed to fully disclose all of her assets, including, but not limited to, several LLCs and Corporations, as well as Internet Domains.

94.  The Debtor presented a false oath when she was given the opportunity at her 341 Meeting of Creditors by the Trustee to advise him of any errors or omissions in her bankruptcy filing and she indicated that the filings were accurate and correct. Further, Debtor by omission via her silence failed to fully and adequately disclose the extent of her assets to the Trustee and her Creditors.

95.  The Debtor knowingly and fraudulently, in connection with this case, withheld from the Trustee and her Creditors recorded information, including books, documents, records, and papers, relating to Debtor's undisclosed LLCs and Corporations and her interest therein.

96. By the very nature of her acts and omissions she knowingly concealed any recorded information, including books, documents, records, and papers of these business entities from the Trustee and her creditors.

WHEREFORE, the Plaintiff respectfully requests this Court enter a judgment denying the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(3) and 11 U.S.C. §§ 727 (a)(4)(D) and granting such other and further relief as the Court deems fair and equitable.

### COUNT IV

**OBJECTION TO DISCHARGE PURSUANT TO 11 U.S.C. §§ 727(a)(4)(A)**

97. This is an action objecting to the Debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(4)(A)•

98. Paragraphs 1 through 47 are realleged and reincorporated by reference herein.

99. The Debtor presented false oath or account when she signed her bankruptcy petition on June 3, 2011, filed schedules on June 10, 2011and presented sworn testimony at her 341 Meeting of Creditors on July 15, 2011.

100.      Specifically, Debtor by way of omission failed to identify certain business entities (detailed supra) that she has/had financial interests in, failed to advise the Trustee of the assets these business entities had and/or controlled at the time of filing and at the time of the 341 Meeting of Creditors.

101.      Further Debtor by way of purposeful omission failed to disclose the pending litigation in Alachua County, Florida, Case No. 2011 CA 2438-J. See copy of Complaint previously attached hereto as **Exhibit N.**

102.      This pending litigation by HOLBROOKS was the basis upon which Debtor, in her capacity as Managing Member of MELRICH, filed a Chapter 11 Bankruptcy. Yet, she chose not to disclose the existence of this lawsuit to the Trustee despite the fact that she is a named Defendant. See Copy of Chapter 11 Bankruptcy Petition of MELRICH previously attached hereto as **Exhibit E.**

103.      It can only be surmised that Debtor was attempting to conceal this litigation from the Trustee and Creditors in an attempt to:

        a. conceal the existence of MELRICH; and/or

    b.   Prevent the Trustee and Creditors from finding out she had a cross-claim against the HOLBROOKS. See Deposition Testimony of taken on December 15, 2011 in Case No. 2011-CA-2438-J attached hereto as **Exhibit Z.**

    c.   prevent the discovery of other entities, including, but not limited, to SWEETWATER, LOVING CARE, and REO in which she has either an actual or equitable interest; and/or

    d.   hide her personal bankruptcy from the HOLBROOKS, who were not identified as creditors or put on notice of her personal bankruptcy filing; and/or

    e.   prevent the discovery of her ex-husband's, SERGIO CAMPANARO's, involvement with Debtor and the Chapter 7 Bankruptcy he filed."

104.    Additionally, Debtor failed through purposeful omission to disclose the existence of Internet Domains (detailed supra) in which she has either an actual interest or an equitable interest.

105.    Lastly, Debtor failed through purposeful omission to disclose the existence of asset transfers (detailed supra) within 2 years of Debtor filing her bankruptcy.

    WHEREFORE, the Plaintiff respectfully requests this Court enter a judgment denying the Debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(4)(A) and granting such other and further relief as the Court deems fair and equitable.

## COUNT V

## OBJECTION TO DISCHARGE PURSUANT TO 11 U.S.C. §§ 727(a)(7)

106.    This is an action objecting to the Debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(7).

---

[11] It should be noted that in the Chapter 7 Bankruptcy Petition of SERGIO CAMPANARO, he specifically lists Debtor in Schedule H as a Co-Debtor to the HOLBROOKS. See Bankruptcy Petition of SERGIO CAMPANARO previously attached hereto as **Exhibit D.**

107.        Paragraphs 1 through 47 are realleged and reincorporated by reference herein.

108.        The Debtor has committed any act specified in paragraphs (2), (3), (4), (5), or (6) of 11 U.S.C. §§ 727, on or within one year before the date of the filing of the petition, or during the case, in connection with another case, under this title or under the Bankruptcy Act, concerning an insider.

109.        The Debtor, in filing the MELRICH Chapter 11 Bankruptcy, was found to have filed the action in Bad Faith. See Copy of Judge Cristol's Order of January 6, 2012 granting HOLBROOKS' Motion for Award of Attorney's Fees and Costs against MELRICH and Debtor attached hereto as **Exhibit AA.**

110.        Specifically, Judge Cristol found that the MELRICH bankruptcy filed on August 31, 2011 was filed in an attempt to circumvent the requirements of a State Court Order dated August 5, 2011. See Copy of Judge Cristol's Order of January 6, 2012 granting HOLBROOKS' Motion for Award of Attorney's Fees and Costs against MELRICH and Debtor (Paragraph A) previously attached hereto as **Exhibit AA.**

111.        Further, Judge Cristol found that the purpose of the Bankruptcy filing was an attempt to stay eviction proceedings pending in Gainesville, Florida relating to property located at 24 SE 8th Street, Gainesville, Florida, and that all of the filings by MELRICH, apparently prepared and signed by Debtor were towards the end of frustrating and delaying HOLBROOKS from recovering possession of their real property from MELRICH and its Assignees and Representatives. See Copy of Judge Cristol's Order of January 6, 2012 granting HOLBROOKS' Motion for Award of Attorney's Fees and Costs against MELRICH and Debtor (Paragraph E) previously attached hereto as **Exhibit AA.**

112.        Accordingly, Judge Cristol found that it was apparent that the MELRICH

Bankruptcy filing was a bad faith filing evidenced by the failure to have complied with

Florida Law and the attempt to circumvent an enforceable Order of the Circuit Court,

Alachua County, Florida regarding posting of sums into the Court Registry to avoid the

issuance of a Final Judgment of Possession and the non-disclosure/omission in the Schedules

and other filings. See Copy of Judge Cristol's Order of January 6, 2012 granting

HOLBROOKS' Motion for Award of Attorney's Fees and Costs against MELRICH and

Debtor (Paragraph F) previously attached hereto as **Exhibit AA.**

113.        As such, Judge Cristol found that the actions of Debtor warranted the imposition

of sanctions against not only MELRICH, but also Debtor. See Copy of Judge Cristol's Order

of January 6, 2012 granting HOLBROOKS' Motion for Award of Attorney's Fees and Costs

against MELRICH and Debtor (Paragraph H) previously attached hereto as **Exhibit AA.**

114.        It is worth reviewing the Transcript of the Hearing of September 14, 2011 before

Judge Cristol on the Show Cause Motion as to why the MELRICH Bankruptcy Case should

not be dismissed for MELRICH's Failure to have Appropriate Legal Representation to

proceed in Bankruptcy Court. In that transcript it becomes quite clear as to how far Debtor

was willing to go to attempt frustrate and delay the HOLBROOKS.[12] See copy of Hearing

Transcript of September 14, 2011 attached hereto as **Exhibit BB.**

WHEREFORE, the Plaintiff respectfully requests this Court enter a judgment denying the

Debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(7) and granting such other and further

relief as the Court deems fair and equitable.

---

[12] It should also be noted in reviewing numerous signatures of documents attached here as exhibits that the Debtor's Signature is different on some documents when compared to others, including Debtor's petition.

**ATTORNEY CERTIFICATION**

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court
for the Southern District of Florida and I am in compliance with the additional qualifications
to practice in this Court set forth in Local Rule 2090-1(A).


Date: January 30, 2012                              Respectfully submitted,

                                                    MATTHEW MAZUR, P.A.
                                                    Attorneys for Christopher Scarano
                                                    2655 LeJeune Road, Suite 500
                                                    Coral Gables, Florida 33134
                                                    Phone: (305) 466-3328
                                                    Fax: (786) 347-6042
                                                    Email: mmazurjr@mazur-law.com

                                                    By:      /s/ Matthew E. Mazur, Jr.
                                                             Matthew E. Mazur, Jr., Esq.
                                                             Florida Bar No. 0144614